McGINNIS, Respondent, *v.* PHILLIPS, Appellant.

(No. 4,592.)

(Submitted January 10, 1922.   Decided January 30, 1922.)

[205 Pac. 215.]

*Personal Injuries — Automobile Accident — Highways — Both Parties on Wrong Side of Road—Pleading—Complaint— Sufficiency—Contributory Negligence—Matter of Defense— Excessive Verdict.*

Personal Injuries—Highways—Automobile Accident—Complaint—Defendant on Wrong Side of Road—*Prima Facie* Negligence.
1.  In an action for damages for injuries sustained in a collision between plaintiff's motorcycle and defendant's automobile, the allegation in the complaint that defendant was on the left side of the road at the time of the accident, in disregard of the provision of the statute (Chap. 75, Laws 1917, sec. 8, subd. a) that vehicles must keep to the right, made out a *prima facie* charge of negligence.

Same—Road Law—Driving on Wrong Side of Road—Justification—Matter of Defense.
2.  Circumstances of justification for driving an automobile on the wrong side of the road are matters of defense and need not be negatived by plaintiff in charging a violation of the road law.

Same—Contributory Negligence—Matter of Defense.
3.  Contributory negligence of plaintiff in a personal injury case is a matter of defense; hence plaintiff is not required to allege freedom from such negligence in his complaint.

Same—Complaint—Both Parties on Wrong Side of Road—Turning Out Seasonably—Complaint—Sufficiency.
4.  In an action for personal injury in a collision between a motorcycle and an automobile, both of which were on the wrong side of the road, the complaint was not rendered insufficient by failure to allege that plaintiff turned out seasonably and as soon as an ordinarily prudent man would have done, where it did aver that he made the turn when fully 250 feet distant from defendant, the question whether he turned out seasonably being a question of fact for the jury's determination under the circumstances and not one of law for the court.

1.  Right of action of driver of motorcycle for collision with auto mobile, see note in **Ann. Cas.** 1917A, 221.

Rights and duties of automobile drivers with respect to motorcycles, see note in **Ann. Cas.** 1916E, 676.

For authorities discussing the question of rules of the road governing vehicles proceeding in the opposite direction, see note in 41 **L. R. A. (n. s.)** 322.

Same—Verdict Held not Excessive.
   5.  Where plaintiff suffered a comminuted fracture of both bones of
   the leg above the ankle in a collision, the arch of the foot being
   crushed and the bones dislocated, *etc.*, a verdict for $5,075 *held* not
   excessive.

*Appeals from District Court, Fergus County; Jack Briscoe, Judge.*

Action by Elmer E. McGinnis against Samuel Phillips. Judgment for plaintiff, a new trial was denied, and from the judgment and the order defendant appeals. Affirmed.

*Messrs. Belden & De Kalb,* for Appellant, submitted a brief; *Mr. Merle C. Groene* argued the cause orally.

It is not necessarily negligence *per se* to drive on the wrong side of the road. Whether an automobile is rightfully or wrongfully on either side of the road is a relative question to be decided with reference to the facts of the particular case. (*Hartley* v. *Lasater,* 96 Wash. 407, 165 Pac. 106.) The defendant had a right to be on the left-hand side of the road until he knew that plaintiff was on the road and approaching. Until then, no duty rested upon defendant to turn to the right; and unless the defendant knew, or with reasonable care could have known, of the approach of plaintiff, he was not negligent in keeping in the traveled way. (2 R. C. L. 1194; *Cook* v. *Fogarty,* 103 Iowa, 500, 39 L. R. A. 488, 72 N. W. 679; *Rand* v. *Syms,* 162 Mass. 163, 38 N. E. 196.) Also see *Baker* v. *Zimmerman,* 179 Iowa, 272, 161 N. W. 479, where the court held that one may travel in the middle or on either side of the traveled way where no other person is passing, or about to pass in the opposite direction. It is only upon meeting another that the law of the road is invoked.

It is not negligence *per se* to use an automobile on a public highway, and since damage alone will not support an action

---

5.  On excessiveness of verdicts in actions for personal injuries other than death, see comprehensive note in 16 **Ann. Cas.** 8; Ann. Cas. 1913A, 1361; **Ann. Cas.** 1915D, 488; **Ann. Cas.** 1916C, 916; **L. R. A.** 1915F, 30.

for negligence, the facts must be alleged and proved by the plaintiff that the defendant was negligent and was injured thereby. (32 L. R. A. (n. s.) 1177.) The fact that a person turns to the left instead of turning to the right is not conclusive on the question of due care or negligence on his part. (*Tyler* v. *Nelson*, 109 Mich. 37, 66 N. W. 673.) In short, the bare allegation in the complaint that defendant failed to turn to the right is utterly insufficient to make out a pleading of negligence as against the defendant. There was no duty owing to plaintiff unless defendant knew or should, in the exercise of due care, have known that plaintiff was approaching, and plaintiff does not plead these facts.

Plaintiff had full knowledge of the approach of defendant's car; he knew that defendant was on the wrong side of the road when the two vehicles were to pass. Knowing this, it was his duty to act as a reasonably prudent man under all of the circumstances. He had no right to swing across the road diagonally at the point he did and bear down upon the defendant. Such conduct was at least negligence on his part equal to any negligence of the defendant. (1 Thompson on Negligence, secs. 119, 176.) The knowledge of the plaintiff of the situation imposed upon him a greater measure of due care than upon the defendant. (20 R. C. L., p. 11.)

If the defendant was guilty of anything on plaintiff's proof it was nothing but a mistake in judgment by the defendant, who finding himself confronted with a sudden emergency, by plaintiff's action, which imperiled his life, and having but an instant of time in which to think, turned to the wrong side. (*Floyd* v. *Philadelphia & R. R. Co.*, 162 Pa. St. 29, 29 Atl. 396.) And in such a case there is no liability for negligence. (*Hartley* v. *Lasater, supra.*)

*Mr. E. K. Cheadle* and *Mr. Oscar M. Ulsaker,* for Respondent, submitted a brief; *Mr. Cheadle* argued the cause orally.

Defendant's negligence was clearly the proximate cause of the injury, for, had he complied with the statute, it is certain

that the injury would not have occurred. "Failure to comply with statute, by reason of which an injury results, amounts to negligence *per se.*" (*Osterholm* v. *Boston etc. Min. Co.,* 40 Mont. 508, 107 Pac. 499; *Melville* v. *Butte-Balaklava Copper Co.,* 47 Mont. 1, 130 Pac. 441.)

Plaintiff certainly, under all the circumstances, had a right to swing across the road diagonally at the point he did, and he also had a right to expect the defendant to swing across the road as it was his duty to do. "A traveler has a right to presume that one whom he sees approaching will comply with the statute directing the manner of passing and will not be precluded from recovering damages for a collision resulting from the other's want of care and skill, merely because when first observing him approaching, the injured party had ample space to pass in safety." (*Wood* v. *Luscomb,* 23 Wis. 287.) "Drivers of vehicles and pedestrians have the right to assume that the driver of an approaching vehicle will observe the rule of the road." (13 R. C. L. 290; *Foster* v. *Curtis,* 213 Mass. 79, Ann. Cas. 1913E, 1116, 42 L. R. A. (n. s.) 1188, 99 N. E. 961; notes, 41 L. R. A. (n. s.) 339.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Plaintiff was injured in a collision between a motorcycle and an automobile upon the public highway, and brought this action to recover damages for his injuries. The case was tried before a jury, which rendered a verdict in favor of plaintiff for the sum of $5,075, and judgment followed. Motion for new trial was made and denied. Defendant has appealed from the judgment and the order.

The specifications of error raise questions as to the sufficiency of the complaint to state a cause of action, the sufficiency of the evidence to support the verdict, and the alleged excessiveness of the damages given by the jury under the influence of passion and prejudice.

The facts as disclosed by the complaint and plaintiff's evidence were substantially as follows: Plaintiff was proceeding north on the west side of the public highway in the county of Fergus, riding on a motorcycle with side-car attached, occupied by one Turk. At the same time defendant was traveling toward the south upon the east side of the same highway in a Ford automobile. It is apparent, therefore, that each was traveling on the wrong, or his left, side of the road. Plaintiff was proceeding at a rate of speed approximately twenty miles per hour and defendant at approximately fifteen miles per hour. The highway was a graded one, the graded portion being from twenty-five to thirty-five feet in width, with a well-beaten track on each side of the center thereof. The road was level and free from obstruction, so that each could see the approach of the other. When approximately 250 feet from defendant, plaintiff crossed to the east or his right side of the road, but defendant failed to cross to the west or his right side of the road. When a collision seemed imminent, plaintiff turned still farther to the right, and went as far in that direction as it was possible for him to go, striking the right bank of the graded portion of the highway, which bank was approximately three feet in height. Defendant, instead of turning to his right, turned to his left. In the collision the left wheel of the automobile struck the front wheel of the motorcycle, and the right front wheel of the automobile struck the rear wheel of the motorcycle. The axle of the automobile struck plaintiff's left foot and leg, crushing the bones of his foot and breaking both bones of his leg about two or three inches above the ankle.

The law governing traffic upon the highway is fixed by statute, and reads as follows: "Traffic must everywhere and at all times keep to the right. Vehicles moving in opposite directions must pass each other by turning to the right. Vehicles moving in the same direction must pass by turning to the left on the part of the one passing and turning to the right on the part of the one being passed. At all times, curves, corners

and crossings, and particularly where the view is in any manner obstructed both in cities and towns and in the country, vehicles must slow down and be under complete control and must keep to the right, so that if the width of the road permits, there is room on their left for the passing vehicle that may at any time suddenly or unexpectedly appear.'' (Subdivision (a), sec. 8, Chap. 75, Laws 1917.)

Defendant urges that the complaint is defective for three [1–4] reasons: (1) That it fails to show that defendant knew, or in the exercise of reasonable care should have known, of plaintiff's approach in time to have turned to the right in passing him; (2) that the complaint fails to show that plaintiff was free from contributory negligence; and (3) that the complaint fails to show that plaintiff turned from his left to his right side of the road seasonably and as soon as an ordinarily prudent person would have done.

The complaint alleges: ''That plaintiff drove to his extreme right side of the road while fully 250 feet away from the defendant, but that the defendant did not drive to his right side of the road, but continued on toward the plaintiff without making any attempt whatever to drive to his [the defendant's] right side of the road as he should have done; that as the result of defendant's negligence, wrong, default, carelessness, and want of due care, he drove his said automobile directly into the plaintiff and his motorcycle.''

In view of the fact that the statute expressly provides that ''vehicles moving in opposite directions must pass each other by turning to the right,'' and that ''at all times　*　*　*　vehicles *　*　*　must keep to the right so that if the width of the road permits there is room on their left for the passing vehicle that may at any time suddenly or unexpectedly appear,'' the allegation that defendant was on the left side of the road when they met makes a *prima facie* charge of negligence. While it may be true that one may be driving upon the left side of the road under certain circumstances without being guilty of negligence, yet in any particular case such circumstances are

matters of justification and of defense, and do not need to be negatived by the plaintiff in charging the violation of the statute. While the complaint does not specifically allege that plaintiff turned from his left to his right side of the road seasonably and at such time as an ordinarily prudent person should have done, yet it does allege that he made that turn when fully 250 feet distant from the defendant. An allegation that plaintiff turned out seasonably and as an ordinarily prudent person would have done would be merely the statement of a conclusion, and would not aid the court in determining whether or not the facts showed such turnout was seasonable. Whether or not it was seasonable is a question upon which reasonable men may easily differ, and therefore the court cannot say as a matter of law that the allegations of the complaint were insufficient in this respect, but the matter resolves itself into a question of fact to be determined by the jury under the circumstances of the case.

Any claim by defendant of contributory negligence on the part of plaintiff was a matter of defense, and plaintiff did not need to allege freedom from contributory negligence in his complaint. (*Vasby* v. *United States Gypsum Co.*, 46 Mont. 411, 128 Pac. 606; *Ball* v. *Gussenhoven*, 29 Mont. 321, 74 Pac. 871; *Meehan* v. *Great Northern Ry. Co.*, 43 Mont. 72, 114 Pac. 781; *Stewart* v. *Pittsburg etc. Copper Co.*, 42 Mont. 200, 111 Pac. 723.)

Contention is made that the evidence is insufficient to sustain the verdict for the reason that it does not appear that plaintiff himself turned out seasonably, that he was driving in a careful and prudent manner, and that plaintiff's own act was the proximate cause of the injury. From the evidence in the case we are satisfied that all these questions were questions of fact to be resolved by the jury whose verdict upon those features of the case is controlling.

Defendant urges that the amount awarded is excessive, and [5] indicates that the verdict was given under the influence of passion and prejudice, and that the judgment should not be

sustained.  The evidence shows that plaintiff suffered a comminuted fracture of both bones of the leg just above the ankle. One piece of the large bone was broken loose, and there were several small fragments.  Both legs were scratched and cut considerably.  The arch of the left foot was crushed down, and the bones dislocated with laceration of the soft parts. The foot was restored to a good condition, and the bones of the leg united so that plaintiff has a serviceable leg, but it will not be as good as before the accident.  There is slight deformity due to a callous formation where the bones united, and plaintiff retains a slight limp.  Under these circumstances we do not think that the amount of the judgment can be said to be excessive.

For the reasons herein given, the judgment and the order denying motion for new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

Rehearing denied March 6, 1922.