No. 14398

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

KELLOGG O. LYNDES and ROSEMARY LYNDES,

       Plaintiffs and Respondents,

   -vs-

RUTHANNE B. SCHOFIELD,

       Defendant and Appellant.

---

Appeal from: District Court of the Fourth Judicial District,
              Honorable Edward Dussault, Judge presiding.

Counsel of Record:

    For Appellant:

        George, Williams and Benn, Missoula, Montana

    For Respondent:

        Garlington, Lohn & Robinson, Missoula, Montana

---

Submitted on briefs: November 3, 1978

Decided: JAN 24 1979

Filed: JAN 24 1979

Thomas J. Kearney
                    Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiffs Kellogg and Rosemary Lyndes (Lyndes) filed this action against defendant Ruthanne Scofield (Scofield) on October 7, 1977, in the District Court of the Fourth Judicial District, Missoula County, to recover damages arising out of an automobile collision.

Lyndes alleged that Scofield negligently and carelessly operated her vehicle causing it to collide with the Lyndes' vehicle and that as a direct and proximate result of Scofield's negligence, Rosemary Lyndes was injured and the vehicle damaged.

The cause was tried before a jury on April 17, 1978, the Honorable Edward T. Dussault presiding. The jury returned a verdict in favor of Scofield and against Lyndes. On April 27, the court entered judgment for defendant.

Lyndes thereafter moved the court for a new trial. On May 11, 1978, the District Court granted a new trial and from this order Scofield appeals.

On the morning of January 5, 1976, at about 7:45 a.m., the parties were traveling in opposite directions on 39th Street in Missoula, Montana. The Lyndes, Kellogg Lyndes driving and his wife Rosemary a passenger, were eastbound and Scofield was westbound when the two vehicles collided. At the time of the collision some snow was falling and the roads in the vicinity were slippery. Kellogg Lyndes described the roads as "solid ice" with the precipitation putting a watery glare over the ice. Scofield's vehicle had new tires and had sandbags placed in its rear to improve its traction. Scofield had experienced driving in snowy winters and had her windshield wipers and lights on. There was a

-2-

steady stream of cars traveling in both directions. Because of the weather and road conditions, the traffic, including Scofield, was cautiously going about 25 m.p.h., although the posted speed limit was 35 m.p.h., when the right front wheel of Scofield's car struck a chuckhole. This caused the rear end to swing out toward the oncoming traffic. Scofield attempted to correct her skid but before she could do so the rear end of her car was clipped by an oncoming vehicle driven by Dora Mosher. This caused Scofield's car to swing first violently to the right and then to come back across the center line into the oncoming Lyndes vehicle. Kellogg Lyndes, seeing Scofield's difficulties, had almost brought his vehicle to a stop. The impact was between Scofield's driver's door and the left front fender and grill of Lyndes' car. Neither car could be driven away from the scene.

At trial Scofield, an elementary school teacher, testified that she drove the 39th Street route once a week on her way to her job. (At an earlier deposition, she had testified she drove it daily.) She further testified, however, that the morning of the accident, January 5, was the first time she had driven over this route since December 24 because she had gone to Seattle for a vacation during the school's Christmas holiday. She stated at trial she had not previously noticed that particular chuckhole in the roadway although she did admit she knew that chuckholes were a common occurrence during Montana winters.

The general issue is whether the District Court erred in granting plaintiffs' motion for a new trial after a jury verdict had been returned in favor of defendant. Based on the reasons for the District Court's order granting a new trial, this general issue breaks down into the following specific questions:

1. Was the evidence insufficient to justify a verdict for Scofield on the issue of liability?

2. Was defendant negligent as a matter of law for violating section 32-2144, R.C.M. 1947, requiring drivers to drive at a reasonable rate of speed for the conditions of the road where the only evidence of unreasonableness is that she hit a chuckhole and was thrown into a skid on an icy road?

3. Was Scofield negligent as a matter of law by reason of violating section 32-2151, R.C.M. 1947, requiring drivers to drive on the right side of the road, when the reason for her violation was that her car was skidding on an icy road after hitting a chuckhole?

A District Court has broad authority to grant or deny motions for a new trial. Brothers v. Town of Virginia City (1976), 171 Mont. 352, 558 P.2d 464, 467, 33 St.Rep. 1250, 1254. This discretion is not without limits, however. Thus, "the trial court's discretion is exhausted when it finds substantial evidence to support the verdict." Kincheloe v. Rygg (1968), 152 Mont. 187, 191, 448 P.2d 140, 142. Neither may a District Court grant a new trial only on the basis that it chose to believe one line of testimony different from that which the jury believed. Yerkich v. Opsta (1978), ____ Mont. _____, 577 P.2d 857, 859, 35 St.Rep. 465, 467; In re Estate of Hardy (1958), 133 Mont. 536, 547-48, 326 P.2d 692, 698.

In Campeau v. Lewis (1965), 144 Mont. 543, 549, 398 P.2d 960, 963, we made the following statement which is particularly apposite to the instant case:

> "When the trial court denies a motion for a
> new trial and thereby indicates faith in the
> jury verdict we are more apt to refrain from
> disturbing that order than where the trial

judge sets aside the jury's findings and re-
quires that the facts be decided again. Where
the trial judge is presented with evidence in
favor of the verdict, but proceeds to grant a
new trial, we feel it is our duty to test the
evidence against the verdict."

The preceding principles relate directly to the first

two issues presented for review. As to the first issue, the

District Court states in its order granting the new trial:

". . . The only apparent basis for the jury
verdict is the fact that the jury must have
felt hitting the chuckhole justified the De-
fendant losing control of her vehicle. There
is no other evidence which would explain or
justify the Defendant losing control of her
car."

The District Court then states that hitting a chuckhole

and losing control of a vehicle is a violation of section

32-2144, R.C.M. 1947, which provides in part:

"A person operating or driving a vehicle of
any character on a public highway of this
state shall drive it in a careful and prudent
manner, and at a rate of speed no greater than
is reasonable and proper under the conditions
existing at the point of operation, taking
into account the amount and character of traf-
fic, condition of brakes, weight of vehicle,
grade and width of highway, condition of sur-
face, and freedom of obstruction to view ahead,
and he shall drive it so as not to unduly or
unreasonably endanger the life, limb, property,
or other rights of a person entitled to the
use of the street or highway." (Emphasis by
District Court.)

The trial court concluded that the chuckhole hit by

Scofield was a "condition of the surface" which Scofield was

bound to take into account in operating her vehicle. While

a chuckhole undoubtedly is a condition of the surface whose

presence should be taken into account, we disagree under the

facts of this case that Scofield was negligent as a matter

of law.

Our conclusion is based on the standard for judging

speed imposed by the statute of "reasonable and proper under

the conditions existing at the point of operation." What is

reasonable and proper under the conditions is clearly a question of fact to be determined by the jury. Nissen v. Johnson (1959), 135 Mont. 329, 331-33, 339 P.2d 651, 652-53. "Whether under the circumstances present the defendant was negligent appears to be a fact question and fact questions must be submitted to a jury under appropriate instructions." Nissen, 135 Mont. at 333-34, 339 P.2d at 653; Heen v. Tiddy (1968), 151 Mont. 265, 269, 442 P.2d 434, 436.

While there is conflict in some parts of the evidence, the jury did hear unrefuted testimony that the road on which the accident occurred was very slippery and that snow was falling. Both Scofield and the driver preceding her testified as to the size and depth of the chuckhole. Scofield testified as to her rate of speed, the condition of her car, and the care with which she drove.

The jury further heard Scofield testify that she had almost succeeded in controlling her car's skid when her left rear fender was "clipped" by the oncoming car driven by Dora Mosher causing her car to once again start skidding across the roadway where it eventually collided with Lyndes' car. The jury was entitled to believe this evidence. As this Court stated in Staggers v. United States Fidelity and Guaranty Co. (1972), 159 Mont. 254, 258-59, 496 P.2d 1161, 1163-64:

> "This Court has on several occasions reviewed the rules on sufficiency of evidence. In Campeau v. Lewis, 144 Mont. 543, 547, 398 P.2d 960, 962 (1965), we stated:
>
> "'The court has consistently held that the evidence is not insufficient if it is substantial. Adami v. Murphy, 118 Mont. 172, 164 P.2d 150. In the Adami case, the court, quoting from Morton v. Mooney, 97 Mont. 1, 33 P.2d 262, held that "substantial evidence" could be defined as such "as will convince reasonable men and on which such men may not reasonably differ

as to whether it establishes the plaintiff's case, and, if all reasonable men must conclude that the evidence does not establish such case, then it is not substantial evidence." 118 Mont. 172, at page 179, 164 P.2d at page 153. The evidence may be inherently weak and still be deemed "substantial", and one witness may be sufficient to establish the preponderance of a case. Batchoff v. Craney, 119 Mont. 157, 161, 172 P.2d 308. Also, substantial evidence may conflict with other evidence presented. Win Del Ranches, Inc. v. Rolfe and Wood, Inc., 137 Mont. 44, 49, 350 P.2d 581. . .'" (Emphasis added.)

Finally the jury was instructed properly under the circumstances. Section 32-2144, quoted above, was given as an instruction as were standard instructions on negligence. The jury, in returning its verdict for defendant, necessarily decided that, taking into consideration the conditions of the surface and all the surrounding circumstances, Scofield was not negligent. As we have stated numerous times: the mere happening of an accident is not evidence of negligence. Fries v. Shaughnessy (1972), 159 Mont. 307, 310, 496 P.2d 1159, 1160; Flansberg v. Montana Power Co. (1969), 154 Mont. 53, 58, 460 P.2d 263, 266; Stocking v. Johnson Flying Service (1963), 143 Mont. 61, 65, 387 P.2d 312, 314; Nissen v. Johnson (1959), 135 Mont. 329, 332, 339 P.2d 651, 653.

The Montana case most similar factually to the instant case is Rodoni v. Hoskin (1960), 138 Mont. 164, 355 P.2d 296. In that case the defendant's vehicle also hit a chuckhole on an icy street causing it to skid into an oncoming car. There are, however, several crucial differences between that accident and the Scofield-Lyndes collision, all of which weigh in favor of Scofield. For example, in Rodoni the defendant testified he had driven the route which he was driving at the time of the accident every day for four years and that he knew of the approximate location of the chuckhole

and was watching for it because he knew it could throw his car if he hit it. In contrast Scofield, although she frequently drove over 39th Street, had not driven it at least for some two weeks prior to the accident and did not know of the existence of the chuckhole. As the Lyndes note, chuckholes are a common occurrence but they tend to appear suddenly and at times are repaired quickly. (The chuckhole struck by Scofield here was apparently repaired within four hours of the accident.) No evidence was presented to show that the chuckhole had been present two weeks prior to the accident when Scofield last could have driven over this route. In fact Kellogg Lyndes, who drove over 39th Street twice a day, "had not noticed any severe chuckholes in that area."

Lyndes' reliance of the case of Huey v. Stephens (Okla. 1954), 275 P.2d 254, overruled on other grounds, Hayward v. Ginn (Okla. 1957), 306 P.2d 320, is misplaced. The Oklahoma Court recognized that the presence of ice on a road may lead to an accident with no negligence on the part of any driver.

Erickson v. Perrett (1976), 169 Mont. 167, 545 P.2d 1074, also relied on by Lyndes, is distinguishable. In Perrett, the defendant's vehicle skidded into another car as he approached an intersection. The defendant claimed that a third vehicle suddenly changing lanes was an intervening cause of the accident. However, in that case as the third vehicle's driver could not be found for trial, we held there was insufficient evidence to support defendant's contention. 169 Mont. at 173, 545 P.2d at 1078.

We conclude the District Court erred in basing its order granting Lyndes a new trial on insufficiency of the evidence and violation of section 32-2144.

The third basis for the District Court's order concerned Scofield's violation of section 32-2151, R.C.M. 1947. In its order granting a new trial, the District Court concluded:

> "Finally, it should be noted that the accident resulted from the fact that the Defendant's vehicle went out of control and crossed the centerline. R.C.M. 1947, Section 32-2151 requires that a vehicle shall be operated on the right half of the roadway. While the Court recognizes that there are exceptions to this statutory duty, none of those exceptions was applicable under the facts presented in this case. The Defendant violated the provisions of R.C.M. 1947, Section 32-2151. Such conduct would be negligence as a matter of law and, as set forth earlier in the Court's opinion, the existence of a chuckhole would not alter the Defendant's duty to operate her vehicle on the right side of the road."

Section 32-2151, R.C.M. 1947, reads:

> "(a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway except as follows:

> "(1) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

> "(2) When the right half of a roadway is closed to traffic while under construction or repair;

> "(3) Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

> "(4) Upon a roadway designated and signposted for one-way traffic."

It is undisputed that at the time of the accident, Scofield's vehicle was skidding down the road in the left-hand lane and that at the point of collision, the Lyndes' vehicle was well within its proper lane of traffic. The question simply is, does this mean Scofield was negligent as a matter of law? We conclude it does not and reverse the conclusion of the District Court on this point.

In Lamb v. Page (1969), 153 Mont. 171, 181, 455 P.2d 337, 342, this Court held, "[i]t is clear that in Montana

there are exceptions to the rule that one must travel upon the right side of the highway." The reason for the defendant's vehicle being on the wrong side of the road in that case was that it had hit a patch of black ice. See also Harrington v. H. D. Lee Mercantile Co. (1934), 97 Mont. 40, 33 P.2d 553. In this connection, Rodoni v. Hoskin (1960), 138 Mont. 164, 355 P.2d 296, is again important because of its factual similarity to the instant case. In that case, where defendant's vehicle skidded into the left-hand lane and collided with plaintiff's vehicle we clearly indicated that whether the failure to stay on the right side of the road was negligence was a question of fact for the jury.

The District Court erred in concluding that violation of the statute constituted negligence as a matter of law. It is well established that involuntary violation of a statute in an emergency due to circumstances beyond the actor's control does not constitute negligence per se. Duchesneau v. Mack Truck, Inc. (1969), 158 Mont. 369, 377, 492 P.2d 926, 930. Rather, Scofield's presence in the incorrect lane is only prima facie evidence of negligence which may be rebutted. McGinnis v. Phillips (1922), 62 Mont. 223, 228, 205 P. 215, 216. This raises a factual issue which must be left to the jury to decide. Duchesneau, supra. The Michigan Supreme Court in Martiniano v. Booth (1960), 359 Mich. 680, 103 N.W.2d 502, 506, summed up our position very well:

> ". . . the mere fact that an automobile is on
> the wrong side of the highway at the time of
> collision does not of itself make the driver
> thereof guilty of negligence as a matter of law.
> The fact that an automobile skids across the
> highway as a result of striking a rut or a patch
> of ice, or because of a slippery pavement,
> through no fault of the driver, has been held to
> excuse failure to comply with the requirement of

the statute that the driver of a car must keep on the right side of a street or highway . . . The issues involved in how defendant struck the rut and the distance of plaintiff's driver's car from defendant's car at the time defendant skidded onto the north half of the highway were factual and were properly submitted to the jury in a charge that, taken in its entirety, carefully protected the rights of plaintiff as well as those of defendant. The weight to be given to the testimony of the different witnesses and the inferences to be drawn from such testimony rested in the good judgment and common sense of the jurors." (Citations omitted.)

Thus, the third issue also ultimately resolves itself into a fact question for the jury to decide. Its decision, which is supported by substantial evidence, may not be overturned by the District Court.

Scofield presented substantial evidence to prove that as she was driving in a reasonable and prudent manner the right front wheel of her vehicle hit an unusually large chuckhole concealed by new snow and that as a result her vehicle was sent skidding down the highway and eventually collided with the Lyndes vehicle. The jury heard this evidence together with evidence to the contrary presented by the Lyndes and concluded that Scofield was not negligent. There being substantial evidence to support the verdict and there being no error of law, this verdict could not be overturned by the District Court on a motion for a new trial.

The order of the District Court granting Lyndes a new trial is reversed. The cause is remanded to the District Court with directions to reinstate the verdict of the jury.

_____

Justice

We concur:

_____
　　　　　Chief Justice

_____

_____

_____
　　　　　Justices