No. 83-101

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

CHARLES SHANNON,

Plaintiff and Respondent,

vs.

DONALD E. HULETT, EAST VALLEY TRUCKING and STEVE LUKSHA,

Defendants and Appellants

_____

Appeal from: District Court of the Fifth Judicial District
In and For the County of Jefferson
Honorable Frank Davis, Judge presiding.
BLAIR

Counsel of Record:

For Appellant:

Corette, Smith, Polhman & Allen, Butte, Montana
Robert M. Carlson and R. D. Corette, Argued

For Respondent:

John L. Peterson, Butte, Montana
John L. Peterson, Argued

_____

Submitted:   June 6, 1983

Decided:   August 16, 1983

Filed: AUG 16 1983

_Ethel M. Harrison_
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Donald Hulett, d/b/a East Valley Trucking, and Steven Luksha appeal the Jefferson County District Court order granting Charles Shannon a new trial. We reverse.

On September 22, 1979, Shannon was driving his 1966 Chevrolet northbound on I-15 at about 35 m.p.h. Luksha was driving a 1972 Kenworth truck with a pup-trailer, owned by his employer Hulett, southbound on I-15 approximately 40 to 45 m.p.h. Both drivers were on a two-lane portion of I-15 just south of Boulder, which in many places was in poor condition.

The record indicates that because of the rough shoulder, Luksha was very close to the centerline. Just after he entered the two-lane highway, five oncoming cars passed by him, and he checked their progress in his rearview mirror. When he looked forward he saw Shannon cutting through an approaching curve one or two feet in his lane of travel. Luksha testified that it appeared a head-on collision was imminent, so he swerved his truck to the right. This sudden action and the rough road caused the truck to lean badly and Luksha almost lost control. It also caused the pup-trailer to swing out into Shannon's lane of travel. The left side of the trailer collided with the front and top of Shannon's vehicle. Shannon suffered serious injury.

Shannon brought an action in Jefferson County District Court against appellants seeking damages arising from the accident. By special verdict the jury found appellants not "guilty of negligence which was the proximate cause of the claimed damage."

Thereafter, Shannon moved the court to set aside the

jury verdict and to grant a new trial. The District Court granted a new trial without supporting memorandum. An appeal was brought to this Court which filed its opinion on January 19, 1983. This Court dismissed the appeal without prejudice and remanded the case to the District Court for reconsideration and entry of an order stating the grounds for granting a new trial in compliance with Rule 59(f), M.R.Civ.P. Shannon v. Hulett (1983), ____ Mont. ____, 656 P.2d 825, 40 St.Rep. 35. The remittitur was filed in District Court on February 1, 1983. On that same day, District Judges Frank Blair (retired) and Frank Davis complied with this Court's order by filing memoranda in support of the order granting Shannon's motion for a new trial in the District Court for Jefferson County. Luksha and Hulett appeal the order granting a new trial. They raise two issues for our consideration:

1. Was the District Court's order and memorandum in support of order procedurally proper and indicative of actual consideration given to its decision?

2. Did the District Court abuse its discretion by granting a new trial?

We reverse on the ground that the District Court abused its discretion in setting aside the jury verdict. The first issue is thus moot, and we do not address it.

Essentially, appellants contend that a new trial may not be granted if there is substantial evidence to support the jury verdict. Here, there are sufficient facts to support the jury's verdict that Luksha was free from negligence, and the District Court abused its discretion in setting aside the verdict.

Shannon argues that there is no conflicting evidence which can support the jury determination that Luksha was free from negligence. He was negligent as a matter of law when the trailer crossed into Shannon's lane of travel. Shannon's injuries were proximately caused by such negligence.

The standard for granting a new trial is well established in Montana. If there is substantial evidence supporting the verdict, a new trial may not be granted. Stenberg v. Neel (1980), ____ Mont. ____, 613 P.2d 1007, 37 St.Rep. 1170; Lyndes v. Scofield (1979), 180 Mont. 177, 589 P.2d 1000; Kincheloe v. Rygg (1968), 152 Mont. 187, 448 P.2d 140; Hinton v. Peterson (1946), 118 Mont. 574, 169 P.2d 333. Neither may a District Court grant a new trial simply because it believed one line of testimony different from that which the jury believed. Yerkich v. Opstra (1978), 176 Mont. 272, 577 P.2d 857; In re Estate of Hardy (1958), 133 Mont. 536, 326 P.2d 692.

When a District Court denies a motion for a new trial, we are less inclined to disturb that order because the lower court has indicated faith in the jury verdict. However, when a District Court is presented with evidence in favor of the verdict but proceeds to grant a new trial, it is our duty to test the evidence against the verdict. Campeau v. Lewis (1965), 144 Mont. 543, 549, 398 P.2d 960, 963.

We find there is sufficient evidence to support the jury's verdict. The evidence is undisputed that Shannon, while driving northbound on I-15, cut through a curve in the opposing lane. Luksha, approaching Shannon, responded by swerving to the right to avoid a head-on collision. There

was no evidence indicating that Luksha was driving unsafely prior to observing Shannon or that he was negligent in any other way.

By special verdict the jury found that neither Luksha nor his employer were guilty of any negligence which proximately caused the claimed damage.

Court's Instruction Nos. 3 and 4 state:

"Every person is responsible for injury to the person or property of another, caused by want of ordinary care or skill.

"When used in these instructions, negligence means want of such ordinary care or skill. Such want of ordinary care or skill exists when there is a failure to do that which a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such person under the existing circumstances would not have done." Instruction No. 3.

"You are instructed that a violation of law is of no consequence unless it was a proximate cause of (or contributed as a proximate cause to) an injury found by you to have been suffered by the Plaintiff." Instruction No. 4.

Under the facts of the case and within the parameters of the above instructions the jury could have, first of all, found Luksha committed no negligence. There was no evidence indicating he was negligent prior to taking evasive action. Further, Luksha acted as any reasonable and prudent person would when facing an imminent head-on collision--he moved out of the way.

Secondly, the fact that Shannon was driving into the oncoming lane when approaching Luksha further supports a finding that such action was the proximate cause of Shannon's injuries.

We vacate the order granting a new trial. We rein-

state the jury verdict and the judgment entered thereon.

_____
Chief Justice


We concur:

_____

_____
Justices


-6-

Mr. Justice Frank B. Morrison specially concurs as follows:

I concur in the result but not in all that is said in the majority opinion.

The majority dismisses negligence on the part of the defandant without discussing defendant's statutory violation. Is the majority taking the position that defendant was involuntarily across the centerline in the wrong lane of traffic? If so there is support in the law excusing the statutory violation. However, if the defendant made a calculated judgment to leave his lane of traffic for some reason, a holding that a statutory violation is excused represents new law in Montana. The issue is concluded without discussion. The majority simply states that the defendant's conduct was to be considered by the jury under the "reasonable and prudent person" standard. The defendant's statutory violation is ignored.

I would reverse the granting of a new trial and reinstate the defense verdict for the reason that the jury could have found that any negligence on the part of the defendant was not a proximate cause of the accident. The record in this case supports the defense verdict on the basis that plaintiff's conduct, rather than the conduct of defendant, formed the sole proximate cause of the accident and consequent injuries to the plaintiff.

Justice

Mr. Justice Daniel J. Shea, dissenting:

I would affirm the order granting a new trial.

The statutory violation of defendant driver is clear--the tail end of his tractor-trailer rig was on the wrong side of the road at the time of collision. I would further hold as a matter of law that at least one proximate cause of the accident was the pup-trailer being on the wrong side of the highway at the time of impact. Regardless of plaintiff's initial negligence, he had a right to expect that when he recovered from his own driving error that his own lane of traffic would be clear.

It is not necessary that the driver of the tractor-trailer rig be actively negligent. Here, he may not have been. He swerved his rig to avoid the plaintiff's vehicle which was initially in the wrong lane of traffic. However, the effect of swerving the rig was to swing the pup-trailer into plaintiff's lane of travel. I have no doubt that a contributing proximate cause of the accident was the failure of the defendant driver to have his rig in the proper lane of travel. There being negligence (a statutory violation) and there being negligence which was at least a contributing proximate cause of the accident, the jury could not properly absolve the defendant of all responsibility. Therefore, the trial court was correct in granting a new trial.

The distance between the front bumper of the tractor to the rear bumper of the pup-trailer was 73 feet, 6 inches. The pup trailer was hooked to the main trailer with a 15 foot tongue that produced a "swivel at the back of the truck." This combination rig made it an extremely long and dangerous

- 8 -

highway vehicle, and the danger was multiplied many times over by the fact that the tractor was pulling 10,000 gallons of gasoline. Plaintiff, an 87 year old man, regardless of his own initial negligence in swerving onto the lane of the tractor-trailer, had a right to assume that once he recovered from his own driving error he would not be confronted with the pup-trailer blocking in part his lane of travel.

The extreme length of the tractor-trailer rig made it impossible for the defendant driver to have his rig under control. Although federal and state laws seem to be ever more permissive as to allowable tractor-trailer lengths, the traffic safety laws must also be interpreted to protect the driving public who meet these monsters on the highway. We have failed in that duty here.

Daniel J. Shea
Justice