JUSTICE TRIEWEILER
specially concurring.
¶20 I concur with the majority’s conclusion that there was sufficient evidence to support the jury’s verdict for the defendant based on the instructions that were given to the jury. Furthermore, since the ade *178 quacy of the instructions has not been raised as an issue on appeal, I would not reverse the judgment of the District Court for failure to properly instruct the jury. However, I write separately to clarify that, in my opinion, it would be a rare situation in which violation of a motor vehicle statute would not constitute negligence per se.
¶21 We have repeatedly held that violation of a statute enacted for the safety of the public, including those which regulate the operation of motor vehicles on the public highways, is negligence per se. See Kudrna v. Comet Corp. (1977), 175 Mont. 29, 38-39, 572 P.2d 183, 188-89.
¶22 The principle of negligence per se, as it pertains to the operation of motor vehicles, is an important principle. We must be careful to avoid its reduction to a meaningless concept capable of evasion by the flimsiest of excuses (i.e., the sudden appearance of a small, nondescript, furry animal). Liability laws exist for the purpose of allocating the cost of motor vehicle accidents. Motor vehicle laws are enacted to provide for the safe and predictable movement of vehicles. The principle of negligence per se has been adopted for the purpose of allocating liability based on noncompliance with motor vehicle laws when negligence would be otherwise difficult to prove.
¶23 The theory on which the rule of negligence per se is based is that as between two drivers — one who has been free from fault and violated no law, and one who has violated a law on which the other depended — fault should, as a matter of policy, be attributed to that person who violated the law. Carving out exceptions for anything but the most compelling reasons reverts to the days of “unavoidable accidents,” and destroys the necessary predictability of motor vehicle operator liability. The notion of “unavoidable accidents” was discarded in Montana over thirty years ago. See Graham v. Rolandson (1967), 150 Mont. 270, 290-91, 435 P.2d 263, 273-74.
¶24 In this case, the plaintiff was proceeding in a lawful manner in his own lane of travel and had a right to occupy that lane of travel without interference from the defendant’s vehicle which had been proceeding in the opposite direction. Instead, the defendant lost control of his vehicle, skidded across plaintiff’s entire lane of travel, and collided with the plaintiff between the fog line and shoulder on the plaintiff’s side of the road.
¶25 Based on principles of negligence per se, defendant should have had a stronger burden than was imposed on him by the District Court’s instructions to excuse his presence on the plaintiff’s side of *179 the road. The defendant’s interference with the plaintiffs right to safely operate his vehicle on the highway violated at least three separate motor vehicle statutes. Section 61-8-321, MCA, required that the defendant keep his vehicle on the right half of the highway; § 61-8-322, MCA, required that vehicles proceeding in opposite directions pass each other to the right, and that each vehicle give the other at least one-half of the main traveled portion of the roadway; and § 61-8-328, MCA, required that the defendant operate his vehicle entirely within his own lane of travel unless it was safe to do otherwise. The plaintiff had a right to rely on compliance with all of those statutes and the jury should have been so instructed. The jury should have been instructed that failure to comply with those statutes constituted negligence per se.
¶26 Not only was the jury not instructed on the significance of violation of motor vehicle statutes, the effect of that omission was compounded when the court instructed the jury that:
The mere happening of an accident, in itself, is not evidence of negligence. The law does not require that for every injury there must be a recovery of damages, but only imposes liability for breach of a legal duty by defendant, which is the cause of injury to the plaintiff.
¶27 The “mere happening of an accident” instruction is an anachronism which has been disapproved by this and other courts for at least twenty years. In Helmke v. Goff (1979), 182 Mont. 494, 500, 597 P.2d 1131, 1134, we noted that:
“In Graham v. Rolandson (1967), 150 Mont. 270, 435 P.2d 263, an ordinary negligence action, we condemned an ‘unavoidable accident’ instruction. There we concluded that it injected a straw issue into the case and is confusing to the jury. This is somewhat akin to ‘the mere fact of an injury’ instruction as was given in this case. In Gagosian v. Burdick’s Television & Appliances (1967), 254 Cal.App.2d 316, 62 Cal.Rptr. 70, California eliminated ‘the fact of an injury’ instruction from ordinary negligence actions, stating:
‘... Since it but elucidates the obvious to the jury, and need not be given to meet any rule of appellate procedure, we join heartily in the recommendation of its authors for its “decent burial”. The trial judge who strikes the “mere happening” instruction from his instruction book and completely erases it from his memory will save time in instruction and much in retrial after reversal.’
*180 We also conclude that in an ordinary negligence action that such instruction should be given a ‘decent burial’ in this State.” [Hunsaker v. Bozeman Deaconess Foundation (1978), 179 Mont. 305,] 588 P.2d at 506, 507.
The evil in giving such an instruction in a Res ipsa case is that the jury may consider that they are foreclosed from considering the evidence provided by the happening of the accident itself. Jensen v. Minard (1955), 44 Cal.2d 325, 282 P.2d 7, 9. Therefore we hold the instructions here to be so incompatible as to require reversal.
¶28 Likewise, under the circumstances of this case in which the defendant’s conduct violated at least three separate motor vehicle statutes, the mere happening of the accident instruction was incompatible with the usual presumption that the defendant’s conduct constituted negligence as a matter of law.
¶29 I concur that we have, in the past, held that an involuntary violation of a statute in an emergency does not constitute negligence per se. In Lyndes v. Scofield (1979), 180 Mont. 177, 185, 589 P.2d 1000, 1004, we held that:
It is well established that involuntary violation of a statute in an emergency due to circumstances beyond the actor’s control does not constitute negligence per se. Duchesneau v. Silver Bow County (1971), 158 Mont. 369, 377, 492 P.2d 926, 930. Rather, Scofield’s presence in the incorrect lane is only prima facie evidence of negligence which may be rebutted. McGinnis v. Phillips (1922), 62 Mont. 223, 228, 205 P. 215, 216.
¶3 0 However, I would apply this limited exception to the principle of negligence per se in only the most extreme situations. For example, where the defendant’s presence on the wrong side of the road is caused by the plaintiff’s own prior negligence. See, e.g., Shannon v. Hulett (1983), 205 Mont. 345, 668 P.2d 228. However, I would not apply the exception under any circumstance where the party accused of being negligent is on the wrong side of the road due to his or her own conduct. Examples where I would not apply the exception are the driver’s failure to observe and avoid the chuckhole which caused her to slide out of control in the Scofield case, and a driver’s calculated decision to avoid a small furry animal at the expense of oncoming traffic, as was established by the investigating patrolman’s initial investigation in this case.
¶31 Furthermore, I believe it is necessary for a jury’s proper application of the law to disputed facts that it first be properly instructed on *181 the law. This jury should have been instructed about the general rule of negligence per se, and the motor vehicle statutes which were violated. It should then have been instructed about the very narrow circumstances in which the rule would not apply. None of that was done. However, since the court’s instructions to the jury are not the basis for the plaintiffs appeal, and since I concur with the majority that on the very narrow issue which has been raised there was sufficient evidence to support the jury’s verdict, I concur with the majority’s conclusion that the judgment of the District Court should be affirmed.
JUSTICES HUNT, NELSON, REGNIER join in the foregoing specially concurring opinion.