ROSEMARIE M. MARTELLO, Plaintiff and Respondent.
v. WILLIAM DARLOW and MITCHELL A. LOVELY, JR.,
Defendants and Appellants.

No. 11347.
Decided May 24, 1968.
441 P.2d 175.

Hughes & Bennett, Helena, George Bennett (argued), Helena, Luxan & Murfitt, Helena, Walter Murfitt (argued), Helena, for appellants.

Small & Cummins, Carl A. Hatch, Helena, Robert Cummins (argued), Helena, for respondent.

MR. JUSTICE HASWELL delivered the Opinion of the Court.

This is an appeal by defendants from an order of the District Court of Lewis and Clark County granting a new trial to plaintiff. The new trial was granted on the basis of the court's refusal to grant plaintiff's request for a poll of the jury after rendition of the verdict.

The trial involved a negligence action wherein plaintiff, who was mounted on a horse, sued the owner and another who mounted the horse for injuries and damages claimed to have resulted from the negligence of either or both defendants. Trial was had, the case submitted to the jury, and the jury returned a general verdict in favor of both defendants and against plaintiff.

The entire proceedings upon rendition of the verdict are set forth verbatim as follows:

"THE COURT: Will you waive any need of calling the roll of the jury?

"MR. CUMMINS: Plaintiff does, Your Honor.

"MR. BENNETT: Defendant does, Your Honor.

"THE COURT: I ask that because as you know, some of you know, that's the law; and I'm supposed to call the roll of the jury; but I think you're all twelve here. Have you agreed upon a verdict?

"THE FOREMAN: Yes, we have.

"THE COURT: Very well, would you hand it to the Bailiff for the Clerk for filing. Thank you. The jury will please stand. Read the Verdict.

"THE CLERK: Rosemarie M. Martello vs. William Darlow, No. 30785. 'We, the jury in the above-entitled action, find in

favor of the defendants, William Darlow and Mitchell A. Lovely, Jr., and against the Plaintiff, Rosemarie M. Martello. Dated this 11 day of April, 1967. James L. Williams, Foreman.'

"THE COURT: Ladies and gentlemen of the jury, is that your true Verdict, or do so say at least eight of you?

"(Note: The jury answered in the affirmative.)

"THE COURT: Thank you very much. I want to thank you for your attendance upon this case. This was not an easy case in any sense of the word. I know you paid very careful attention, and I have not presided in a trial for a long time that presented as knotty problems as this one has; and I'm speaking now technically and for both sides.

"I thank you for your care, your attention, and the effort that you put in, in this case. You will be discharged now until you receive further word from the Clerk when the next case is to be tried.

"MR. CUMMINS: Your Honor, may we have a poll of the jury please?

"THE COURT: I don't think so. Court's in recess."

Two days later judgment was entered on the verdict and notice of entry of judgment given. The following day plaintiff moved for a new trial on seven grounds, one of which was the following:

"7. Error in law occurring at the time of the taking of the verdict and in the court's refusal to grant plaintiff's request for a poll of the jury." Thereafter the district court entered an order denying plaintiff's motion for a new trial on all grounds except No. 7 quoted above, and granted a new trial on that ground. Both defendants appealed from the order granting a new trial.

Defendants' position is that the trial court abused its discretion in granting a new trial based on its refusal to poll the jury at the request of plaintiff for reasons that can be summarized as follows: (1) that the error, if any, was harmless and did not authorize the granting of a new trial, (2) the re-

quest for jury poll was untimely and therefore waived, (3) the request for jury poll was not clear, definite and unequivocal, (4) the motion for new trial was unsupported by affidavits, court minutes, or records of any kind.

In our view, this case can be determined by consideration of the first issue. Assuming, without deciding, that the trial court's refusal to poll the jury on the request of plaintiff's counsel constitutes error under the circumstances of this case, it is not every error or defect that occurs during the course of a trial that furnishes grounds for granting a new trial. The court must disregard any error or defect which does not affect the substantial rights of the parties. (Rule 61, M.R.Civ.P.) To authorize granting a new trial, the error complained of must be an error "materially affecting the substantial rights of [the aggrieved party]" (section 93-5603, R.C.M.1947) and the error must be of such character that refusal to grant a new trial "appears to the court inconsistent with substantial justice." (Rule 61, M.R.Civ.P.) In other words, if the substantial rights of the aggrieved party are not prejudiced, only "harmless error" is involved not authorizing a new trial to be granted. Within these limitations, the trial court has broad discretion to grant a new trial and will not be reversed except for abuse thereof. (Tigh v. College Park Realty Co., 149 Mont. 358, 427 P.2d 57; State Highway Comm. v. Greenfield, 145 Mont. 164, 399 P.2d 989; Johnson v. Whitcomb, 149 Mont. 23, 422 P.2d 642.)

Analyzing the facts of the instant case in the light of the foregoing principles, we observe that the record affirmatively shows that the verdict was rendered in open court in the presence of all counsel, that in response to a question by the judge the foreman of the jury advised him they had agreed upon a verdict, that following the reading of the verdict signed by the foreman, the judge inquired of the jury if this was the true verdict of at least eight of them and the jury answered in the affirmative, and the judge accepted the verdict as

rendered. In short there is absolutely nothing in the record to suggest that the verdict concurred in by the required number of jurors and the record affirmatively shows it was.

In Montana the polling of the jury is a statutory right the purpose of which is to determine whether the required number of jurors concur in the verdict. (Section 93-5110, R.C.M.1947.) That being the only purpose of the poll and each juror only being asked individually whether that is his verdict, it is difficult to see how any substantial right of the plaintiff was prejudiced or how the error, if any, was of such character that refusal to grant a new trial could be inconsistent with substantial justice. Quite the contrary appears here. Not only does the record affirmatively show the required concurrence to render a legal verdict, but it is entirely barren of any indication to the contrary. On appeal, prejudice is never presumed but it must affirmatively appear that the error has affected a substantial right of the party on the merits of the case. (Conway v. Fabian, 108 Mont. 287, 89 P.2d 1022.) The California court in the case of Redoy Cia v. First Nat. Bank, 200 Cal. 161, 252 P. 587, has summarized our thoughts in the following language:

"Assuming that error was committed by the trial court in refusing the appellant's request for a poll of the jury, we think no prejudice resulted therefrom, for the reasons that the jurors were all in favor of a verdict for the appellant and so announced themselves on the return of the verdict that was recorded."

We hold, therefore, that under the circumstances disclosed in this case the error, if any, in refusing plaintiff's request to poll the jury was harmless, did not materially affect plaintiff's substantial rights and that the district court abused its discretion in granting a new trial based on this ground alone. No useful purpose would be served by discussing or deciding the other grounds on which defendants seek a reversal.

The order of the district court granting a new trial to plaintiff is reversed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.