No. 13768

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

———————————

GEORGE GRANT BALLANTYNE, et al.,

Plaintiffs and Respondents,

-vs-

THE ANACONDA COMPANY,

Defendant and Appellant.

———————————

Appeal from:  District Court of the Fifth Judicial District,
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Appellant:

Williams and Holland, Butte, Montana
D. L. Holland argued, Butte, Montana

For Respondents:

Goetz and Madden, Bozeman, Montana
James H. Goetz argued, Bozeman, Montana

———————————

Submitted:  January 20, 1978

Decided: FEB 3 - 1978

Filed: FEB 3 - 1978

*Thomas J. Kearney*
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court:

Defendant The Anaconda Company appeals from an order of the District Court, Jefferson County, granting a new trial to plaintiffs George Grant Ballantyne, George W. Ballantyne, and Evelyn Christensen Peterson, d/b/a Cloverdale Apiaries. For reasons hereinafter set forth we remand this cause to the District Court for further consideration.

Plaintiffs brought this action seeking compensatory and exemplary damages from The Anaconda Company for losses suffered at plaintiffs' commercial honeybee operation located near Whitehall, Montana. Plaintiffs alleged their bees were poisoned as a result of gas and particulate emissions from the company's Anaconda, Montana copper smelting operation. The suit was based on private nuisance, strict liability and negligence theories.

The cause was tried before a jury on September 21, 1976. The jury returned a verdict in favor of the company on September 30, 1976. Judgment was entered on October 5 and on October 15 plaintiffs moved for a new trial. Plaintiffs urged three grounds in support of their motion: 1) Insufficient evidence to support the verdict, 2) legal errors including the admission into evidence of a letter alleged to be a settlement offer and the striking of plaintiffs' claim as to one of their bee yards, and 3) prejudicial suprise at the trial.

By order dated December 16, 1976, the District Court granted plaintiffs' motion for a new trial. The order comprises a single sentence. There is no indication of the grounds upon which the new trial was granted and no explanation of the District Court's decision.

As presented, the issue for review is whether the District Court abused its discretion in granting a new trial. Due to the District Court's failure to specify any grounds for its ruling, however, that court's exercise of its discretion will not be reviewed at this time.

Rule 59(f), M.R.Civ.P., provides:

"Any order of the court granting a new trial, shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling, and this may be done in the body of the order, or in an attached opinion."

This rule was adopted pursuant to Supreme Court order and has been in effect since March 1, 1976. In its note to the amendment which added this requirement to Montana's procedural rules, the Advisory Committee stated:

"[This] amendment * * * is for the express purpose of narrowing the issues on appeal and obviating the need to read the entire record on appeal to find the rationale underlying the trial court's ruling. * * *"

By not complying with this requirement the District Court has placed this Court in the precise position Rule 59(f) seeks to avoid. Not only this Court, but the litigants as well are compelled to consider the record with respect to every ground initially urged by plaintiffs in support of their motion, as though the District Court had found equal merit in each. Where, as here, the trial involved complex matters and included extensive testimony and several independent grounds have been asserted for a new trial, elaboration by the court granting a new trial is especially important.

In this context requirements of specificity are imposed at each stage of the judicial process. Under Rule 59(a), M.R.Civ.P.,

- 3 -

a party moving for a new trial must "state with particularity" the grounds for that motion. The motion properly may be denied when the movant fails to comply with that requirement. Halsey v. Uithof, (1975), 166 Mont. 319, 326, 532 P.2d 686. Rule 59(f), M. R.Civ.P., mandates specificity on the part of a District Court granting such a motion. We note this Court is similarly constrained. Section 93-212, R.C.M. 1947, provides:

> "In the determination of causes, all decisions of the supreme court must be given in writing, and the grounds of the decision must be stated, and each justice agreeing or concurring with the decision must so indicate by signing the decision. Any justice disagreeing with a decision must so indicate by a written dissent."

It is manifestly fair for all concerned to require a trial level court to set out its reasons for granting a new trial. The purpose and function of such a written "opinion" may vary from case to case, but generally the following considerations, as expressed in The State Trial Judge's Book, published under the sponsorship of the National Conference of State Trial Judges and the Joint Committee for the Effective Administration of Justice, West Publishing Co., St. Paul, Minn., 1965, pp. 166-167, apply:

> "When the time comes to prepare a written exposition of the basis for a decision, the judge has a heavy task on his hands. He feels the need to do his part well, in justice to the parties, to himself and to the position he occupies. The judge will write better opinions if he considers some of the important purposes they are intended to serve. A well-considered opinion can be of value to the judge himself, to counsel and the parties. It is invaluable to the appellate court, if the case goes up on appeal.
>
> "The function of an opinion is to state the reason which led the court to decide the case the way it did. Moreover, since in the process of preparing an opinion the judge must discipline his thinking, he is more apt to reach a just decision in a complex case if he reduces

his reasoning to writing. Referring to the fruitful effect of the process, Chief Justice Hughes once commented, 'The importance of written opinions as a protection against judicial carelessness is very great.'

"Opinions may be of service to the litigants and counsel in determining what their future course should be. The opinion may point the way to an appeal, or it may eliminate one. In either event the practical value to those most concerned is great.

"A well-stated opinion is of great assistance to the appellate court as a chart of the reasoning followed by the trial judge in reaching a decision. Not everyone would agree with the cynical old judge who is credited with saying, 'As far as the appellate court is concerned, maybe they can think up a good reason to support my judgment. I don't want to give them a bad one.'"

Rule 59(f), M.R.Civ.P., makes it clear the time is past when a District Court can summarily grant a new trial and rely on this Court to provide a legally adequate reason for its order.

The cause is remanded and the District Court is directed to enter reasons for its order granting plaintiffs a new trial, in accord with Rule 59(f), M.R.Civ.P.

_Daniel J. Shea_
Justice

We Concur:

_John Conway Harrison_
Acting Chief Justice

_Frank I. Haswell_

_Gene B. Daly_
Justices.

- 5 -