No. 13732

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

---

JEFFREY A. GILES,

 Plaintiff and Appellant and
 Cross-Respondent,

-vs-

FLINT VALLEY FOREST PRODUCTS,
MONTANA STATE HIGHWAY COMMISSION,
a Body Politic and Members thereof
and H. J. ANDERSON, Montana State
Director of Highways,

 Defendants and Respondents and
 Cross-Appellants.

---

Appeal from: District Court of the Third Judicial District,
 Honorable Robert Boyd, Judge presiding.

Counsel of Record:

 For Appellant:

 Daniels and Mizner, Deer Lodge, Montana
 Ted L. Mizner argued, Deer Lodge, Montana

 For Respondents:

 Poore, McKenzie, Roth, Robischon & Robinson,
 Butte, Montana
 Garlington, Lohn and Robinson, Missoula, Montana
 Gary Graham argued, Missoula, Montana

---

 Submitted: October 16, 1978

 Decided: JAN 4 1979

Filed: JAN 4 1979

_____
 Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Plaintiff brought an action in the District Court of the Third Judicial District, Powell County, to recover damages for injuries he suffered in a motor vehicle accident on June 11, 1974. The accident occurred approximately one mile west of Garrison Junction at the Warm Springs intersection where Interstate 90, a divided four-lane highway, meets an undivided two-lane road. At the time of the collision plaintiff was turning left off I-90 in the transition area onto the frontage road at the Warm Springs intersection. His automobile was struck by a loaded logging truck driven by Walter Greig Godkin, an employee of defendant Flint Valley Forest Products. Godkin ignored signs in the area directing traffic to keep right and not to pass, and as a result, while improperly in the left lane, his truck struck plaintiff's vehicle. Plaintiff suffered severe injury to his left leg, which was nearly severed at the ankle.

Plaintiff sued Flint Valley for their agent's allegedly negligent operation of the logging truck while in the course of his employment, and sued the State of Montana for the allegedly negligent construction, design and marking of the Warm Springs intersection and the transition area. On motion the allegations regarding negligent design and construction were dropped. Negligence as to marking alone was contended at trial. The jury returned a verdict against both defendants and awarded plaintiff $100,000. Both defendants moved for judgment notwithstanding the verdict and directed verdicts and, in the alternative, for new trial.

Plaintiff appeals from an order of the District Court granting a new trial to defendant State of Montana. The State cross-appeals from the court's refusal to dismiss the case against it, a motion on which was made at the close of plaintiff's case-in-chief. With respect to the allegations on design and construction, plaintiff argued during oral argument that those claims were still being advanced and that they should be considered by this Court. There was testimony by the engineers that went to questions of construction and design negligence, as well as to the problem of marking the accident area.

It should be noted that during the trial defendants claimed they were unable, after diligently seeking, to find Godkin, the driver of the Flint Valley logging truck. Within days of the conclusion of the trial, counsel for Flint Valley located Godkin, a convict out on parole. He now comes up with a most articulate statement regarding the circumstances of the accident which had happened some years before on a stretch of road which he had driven (exactly, according to his affidavit) eleven times. In his affidavit, Godkin expresses his willingness to return to Montana for trial or to be deposed.

To get a new trial where additional evidence has come to light, the moving party must demonstrate, inter alia, that it was not lack of diligence which failed to turn up the evidence at an earlier time. See Kerrigan v. Kerrigan (1943), 115 Mont. 136, 144-45, 139 P.2d 533, 535. We find this evidence does not meet the standards set in Kerrigan to warrant a new trial.

Plaintiff appeals the District Court order granting a new trial, advancing a claim of invalidity for failure to

particularly specify the grounds therefor as required by Rule 59(f), M.R.Civ.P., and contending the court abused its discretion in so ordering a new trial. As plaintiff requested and received from the District Court a statement of Certification of Issues on Appeal, it appears the first claim is moot. The State cross-appeals alleging the District Court erred in failing to dismiss the action against it at the end of plaintiff's case-in-chief. In meeting plaintiff's statement of the issues, the State claims that the order granting a new trial is supported by the evidence.

The State argues a new trial was correctly ordered for four reasons:

1. Plaintiff's attempt at introducing its Exhibit #28, a petition signed by the residents of the Garrison-Warm Springs area protesting the conditions of the highway in the vicinity of the accident, was harmful and prejudicial to the State such that it could not receive a fair trial.

2. The award of damages was excessive, given under the influence of passion or prejudice, such that a new trial was properly ordered. Section 93-5603(5), R.C.M. 1947.

3. The evidence was insufficient to support the verdict, especially in light of the testimony given by a highway patrolman to the effect that plaintiff was contributorily negligent such that plaintiff's recovery should have been barred.

4. There was error in giving Instruction Nos. 28, 30, 34, and 44, especially the first two which employed descriptive language, e.g., _dangerous_ intersections, embodying conclusions which were within the province of the jury alone to make.

In its Certification of Issues on Appeal, which the State deems "irregular" but to which it says it does not object, the District Court stated:

". . . the only reason for . . . granting a new trial in this action is as follows:

"The Appellant's attempted [sic] to introduce their [sic] Exhibit 28 . . . [which] was not listed in the pre-trial order as a proposed exhibit. As such its attempted introduction was an irregularity in the trial which prevented the defendants from having a fair trial, and is a grounds [sic] for a new trial under Section 93-5603(1), R.C.M. 1947."

The purposes of requiring a statement of the reasons are to narrow the issues on appeal and to obviate the need for this Court to read the entire record to find the rationale underlying the ruling. Rule 59(f), M.R.Civ.P., Advisory Committee's note; Ballantyne v. The Anaconda Company (1978), ____ Mont. ____, 574 P.2d 582, 35 St.Rep. 172. These purposes have been accomplished by the District Court's certification. In virtue of that certification of issues, we need not entertain the last three of defendant's reasons in support of the order for new trial.

Granting a new trial is within the sound discretion of the trial court, and its order so granting a new trial will be reversed only if manifest abuse of that discretion is shown. Such an order will be upheld if it can be sustained on any ground stated in the order or opinion accompanying the order. Rule 59(f), M.R.Civ.P. The question thus is whether the order may be sustained on that ground specified by the District Court as the reason for granting the new trial.

Plaintiff argues that defendant suffered no prejudice, such that it was denied a fair trial, because of plaintiff's

-5-

attempt to offer its Exhibit #28. The court refused to admit the exhibit upon defendant's objection and further refused to grant defendant's motion for a mistrial. The jury at no time was allowed to view the exhibit. Counsel's questions were brief and did not convey information calculated to prejudice the jury. Without the exhibit the jury, at the conclusion of trial, had received evidence sufficient to form the foundation for the belief that the intersection-transition area was so confusingly marked as to have contributed to the accident and thus to ascribe fault to the State.

The State points to the District Court's certification of issues as evidence enough of the prejudice which it suffered by the attempted introduction of Exhibit #28, declaring that that alone demonstrates that the trial judge believed the jury was unduly influenced and that the prejudice had not been cured, even with instructions. The petition, drafted and signed by local residents, says the State, was likely of greater weight than the testimony of experts, and even the attempt to introduce it would persuade the jury to find against the State.

We find the above argument insufficient to warrant the granting of a new trial in view of the fact here that it was not admitted as evidence. We have said the following in respect of granting a new trial:

> ". . . it is not every error or defect that occurs during the course of a trial that furnishes grounds for granting a new trial. The court must disregard any error or defect which does not affect the substantial rights of the parties. (Rule 61, M.R.Civ.P.) To authorize granting a new trial, the error complained of must be an error 'materially affecting the substantial rights of [the aggrieved party]' (section 93-5603, R.C.M. 1947) and the error must be of such character that

> refusal to grant a new trial 'appears to the
> court inconsistent with substantial justice.'
> (Rule 61, M.R.Civ.P.) In other words, if the
> substantial rights of the aggrieved party are
> not prejudiced, only 'harmless error' is
> involved not authorizing a new trial to be
> granted. Within these limitations, the trial
> court has broad discretion to grant a new
> trial and will not be reversed except for
> abuse thereof. [Citations omitted.]" Martello
> v. Darlow (1968), 151 Mont. 232, 235, 441 P.2d
> 175, 176.

As in Martello we find that, under the circumstances of this case, the error did not affect the complaining party's substantial rights. Therefore, the District Court abused its discretion in granting a new trial on this ground alone.

Defendant's other issue bears brief consideration. That issue is whether the District Court erred in failing to dismiss the action against the State at the conclusion of plaintiff's case-in-chief.

The State contends that plaintiff failed to prove either negligence or proximate cause such that the State could be chargeable for plaintiff's damages. Essential to plaintiff's case, says the State, was proof that the State was negligent in marking the highway at the site of the accident and that such negligence was the legal (proximate) cause of the accident in which plaintiff received his injuries. The States further contends that assuming arguendo it was negligent in marking the area, that negligence alone cannot be transformed into the requisite proximate cause. At most, the State says, it furnished the conditions in which the injury occurred by the subsequent independent act of a third person, Flint Valley, and asks us to rely on Boepple v. Mohalt (1936), 101 Mont. 417, 436, 54 P.2d 857, 862. Existence of conditions is not proximate cause; therefore, plaintiff's case fails for want of proof, according to the State.

Although these arguments are sound as far as they go, they fail to go far enough. It must be remembered, as this Court recently said, that ". . . where one has negligently caused a condition of danger, he is not relieved of responsibility for damage caused to another merely because the injury also involved the later misconduct of someone else." Halsey v. Uithof (1975), 166 Mont. 319, 327, 532 P.2d 686, 690. An important qualification of this rule, however, was stated immediately thereafter. "But, this is true only if both negligent acts are in fact concurring proximate causes of the injury; and it is not true if the later negligence is an independent, intervening sole cause of the incident." Halsey, 166 Mont. at 327, 532 P.2d at 690. In deciding Halsey, the Court entertained these thoughts:

> "In determining whether the negligence in creating a hazard (the truck stalled on the highway) was a proximate cause of the accident, this test is to be applied: Did the wrongful act, in a natural continuous sequence of events, which might reasonably be expected to follow, produce the injury? If so, it is a concurring proximate cause of the injury even though the later negligent act of another [Walker and McWhirk] cooperated to cause it. On the other hand, if the latter's act of negligence in causing the accident was of such a character as not reasonably to be expected to happen in the natural sequence of events, then such later act of negligence is the independent, intervening cause and therefore the sole proximate cause of the injury. (Citations omitted.)
>
> "Applying the foregoing test to the instant situation, it was reasonable to foresee that the eastbound drivers [Walker and McWhirk] would see the truck parked on the highway. Considering Montana's case law and the federal court views on our law, this Court again finds that abstract foreseeability is not sufficient to meet the requirements of proximate cause.
>
> "Applying Jimison here, appellant was not obliged to foresee or anticipate that either Walker or McWhirk would come over the hill at such speeds that they could not stop within the assured clear distance ahead of them.

> Neither was appellant obliged to foresee that Walker would continue over the hill without braking after seeing the reflector at the top and should have realized there might be trouble on the other side. All of this leads to the conviction that the district court should have granted appellant's motion for a directed verdict at the close of respondent's case-in-chief." Halsey v. Uithof, 166 Mont. at 328, 532 P.2d at 690-91.

A case should be taken from the jury only when the facts and reasonable inferences drawn from them, when viewed in a light most favorable to the party against whom the motion for a directed verdict is made, cannot sustain a finding for the party against whom it is made. See e.g., Thomas v. Merriam (1959), 135 Mont. 121, 126, 337 P.2d 604 and cases cited therein. Here evidence supporting plaintiff's case was presented, and whether that evidence was sufficient to sustain a prima facie case undoubtedly was considered by the trial judge in making his ruling against defendant. The court properly let the case go to the jury.

As to the other assertions of error made by the State, the following is dispositive.

1. The State claims that the award of damages was excessive, given under the influence of passion and prejudice. As noted in Brown v. Columbia Amusement Co. (1931), 91 Mont. 174, 193, 6 P.2d 874, no two cases are alike. The rule is that given we have a justice system which confides to juries the duty to determine the issues and to fix the amount of compensation to be paid, unless the award is such to shock the conscience and understanding, it must be accepted as conclusive. The award in the instant case is not so shocking as to be deserving of vacation.

2. The States claims that the evidence was insufficient to support the verdict and that plaintiff's claim

should have been barred because of his contributory negligence. The only testimony as to possible contributory negligence was that given as mere speculation by the highway patrolman who investigated the accident, but who did not witness it. Again, it was the task of the jury to determine if the factual circumstances were such that plaintiff could be deemed contributorily negligent; it did not so find. It concluded that plaintiff's testimony to the effect that he did check his rear-view mirror for upcoming traffic, and that he did signal so as to warn any upcoming traffic of his intention to turn left, was believable.

3. The other objection centers on certain of the instructions given the jury. The State particularly objects to those numbered 28, 30, 34 and 44, putting emphasis on the first two. The charge is that the instruction contained language drawing conclusions which were within the province of the jury to make. While these instructions are not necessarily model, we do not find them to be so prejudicial to defendant as to be made the basis for a new trial. Again, error, to be made the basis for a new trial, must be so significant as to materially affect the substantial rights of the complaining party. See Martello v. Darlow, supra.

The order of the District Court granting a new trial is set aside and the verdict and judgment reinstated.

John Conway Harrison
Justice

-10-

We Concur:

_____
           Chief Justice

_____

_____

_____
           Justices