MR. JUSTICE SHEA
dissenting:
I would permit the defendant to remain on bail pending a trial court ruling on his request to have the sentence vacated.
The majority grounds its decision on the wording of section 46-9-311, MCA, which permits a trial court to increase, reduce or substitute bail, or to revoke bail. Because a District Court has statutory authority to revoke bail, the majority has concluded that the District Court must have been correct in so doing. What I disagree with, however, is not the statute, which clearly sets forth the options available to the trial court; but rather, I object to the arbitrary decision of the trial court in revoking the bail, without any explanation whatsoever in justfication of its action. This Court should not give much deference to a decision of any trial court if it has failed to articulate the reason for the action taken.
Too often this Court must review the actions of a trial court in situating where there is absolutely no explanation in the record for the action taken. It is exalting form over substance in such cases to resort to the time-worth rule that the action of a trial court is presumed to be correct. What this Court stated in Ballantyne v. Anaconda Co. (1978), 175 Mont. 406, 574 P.2d 582, concerning reasons for decisions, applies equally to a decision by a trial court revoking a defendant’s bail.
Here, we have a situation where one trial court granted bail to a defendant and a decision from which the State did not object; that is, once the decision was made, the State did not attempt to overturn the decision. But then a different judge is called into the case, and without any explanation whatsoever he revokes defendant’s bail bond.
In defending the trial court’s action, the State merely cites the statute which authorizes the revocation of a bail bond. The State then presumes to provide a possible explanation for the trial judge’s decision by suggesting that defendant was taking advantage of his *367 bail status and was not truly interested in having a day of reckoning to determine the propriety of sentence. It is possible that this is so, but the State does no service to the law of this State when it seeks to provide a reason for the action of a trial judge where there is absolutely no reason stated in the record for the action taken.
By approving of the action of the trial courts in situations such as this, this Court is only encouraging the trial courts to be as fuzzy as possible in arriving at their decisions, knowing that their so-called discretionary acts will be protected from the light of day by the invocation of the rule that their actions are presumed to be correct. The presumption of correctness should evaporate at thp moment the trial court has failed to disclose for the record the reasons for its decision. Neither the parties nor this Court should be required to guess as to why the trial court revoked the petitioner’s bail in this case.