MR. JUSTICE SHEA
concurring:
*39 I agree with the decision of this Court affirming the grant of summary judgment to the defendant State of Montana, but reversing the grant of summary judgment to the defendant, Eunice Irene Case. Nonetheless, I must express my disapproval of the way the trial court handled and granted both motions for summary judgment. There is absolutely no way from the record that we can tell why the trial court ruled in the way it did. We should be able to tell from the trial court order or accompanying memorandum precisly why the trial court considered there to be no genuine issue of fact. It has always seemed to be that if parties are to be thrown out of court they are entitled to know why.
The Canons of Judicial Ethics require that trial judges, in disposing of controverted cases, set out the reasons for their decisions. The first paragraph of Canon 19 (144 Mont, at xxvi-xxvii) states in unequivocal language:
“In disposing of controverted cases, a judge.should indicate the reasons for his action in an opinion showing that he has not disregarded or overlooked serious arguments of counsel. He thus shows his full understanding of the case, avoids the suspicion of arbitrary conclusion, promotes confidence in his intellectual integrity and may contribute useful precedent to the growth of the law.”
The order of the trial judge granting summary judgment to both defendants fails to measure up to this mandate. The order states in pertinent part:
“WHEREAS, the Court having received written memorandums on behalf of the Plaintiff and the respective Defendants, and the Court having duly considered the same,
“NOW, THEREFORE IT IS ORDERED that Motion for Summary Judgment of Defendant State of Montana is hereby GRANTED,
“IT IS FURTHER ORDERED that Motion for Summary Judgment of Defendant Eunice Irene Case is hereby GRANTED.”
That is it — absolutely no analysis of why there is no genuine issue of material fact. Nor is there an accompanying memorandum setting out an analysis.
*40 In Ballantyne v. Anaconda Co. (1978), 175 Mont. 406, 574 P.2d 582, this Court quoted from The State Trial Judge’s Book published by the West Publishing Company. 175 Mont. at 409, 574 P.2d at 584. This language sets out in no uncertain terms why trial judges should explain the reasons for their decisions.
One paragraph of The State Trial Judge’s Book, quoted in Ballantyne, is particularly apt here:
“ ‘The function of an opinion is to state the reason which led the court to decide the case the way it did. Moreover, since in the process of preparing an opinion the judge must discipline his thinking, he is more apt to reach a just decision in a complex case if he reduces his reasoning to writing. Referring to the fruitful effect of the process, Chief Justice Hughes once commented, “The importance of written opinions as a protection against judicial carelessness is very great.” ’ ” 175 Mont. at 409, 574 P.2d at 584.
If the trial court would have mulled the case over and entered a written decision explaining why it granted summary judgment, it might, in the process of reaching that decision, have recognized the basic error in granting summary judgment. Obviously, the existence or nonexistence of children on the bridge would markedly change the duty of the defendant-driver to slow down as she was approaching the bridge. That basic fact is in dispute.
A jury issue is manifestly involved here. On trial, had the jury believed there were children on the bridge, it might well conclude that the defendant-driver did not exercise reasonable care in approaching the bridge and that this lack of care caused the death of the child. On the other hand, if the jury concluded there were no children on the bridge, it could conclude that the driver exercised reasonable care in approaching the bridge.
A careful analysis of the case would suggest a strong likelihood that the trial court would realize the error in granting summary judgment to the defendant-driver. The disputed facts were clearly pointed out to the trial court in the plaintiff’s memorandum opposing the grant of summary judgment. That brief, after pointing out that the affidavits of defendant’s witnesses that there were no *41 children on the bridge, were flatly contradicted by affidavits of plaintiff’s witnesses that there were children on the bridge, stated:
“If the facts are as stated in the Affidavit submitted by the plaintiff, the question of fact which must be resolved is whether or not the defendant Eunice Irene Case exercised due care in proceeding down the highway knowing children were on or near the highway and whether or not she was negligent in not seeing the decedent although he was 20 feet down the road from the bridge abutment.” (Plaintiff’s Memorandum to the Trial Court at page 2.)
The trial court therefore, cannot claim that the existence of such genuine issues of material fact were not pointed out to the court by plaintiff’s counsel. If the trial court found that the existence or nonexistence of children on the highway was not a material fact, the duty would then be imposed on the trial court to explain why the presence or absence of children on the bridge would not alter the right of the defendant-driver to summary judgment on the liability issue.
I would urge the trial courts to heed the mandate of Canon 19. But even were the Canon not there, the reasons, as pointed out in Ballantyne, supra, are just as compelling for a requirement that the trial courts spread upon the record the reasons for their decisions.