No. 82-212

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

CHARLES SHANNON,

      Plaintiff and Respondent,

  -vs-

DONALD E. HULETT, EAST VALLEY TRUCKING,
and STEVEN LUKSHA,

      Defendants and Appellants.

_____

Appeal from:  District Court of the Fifth Judicial District,
In and for the County of Jefferson, The Honorable
Frank Blair, Judge presiding.

Counsel of Record:

    For Appellants:

        Corette, Smith, Pohlman & Allen; Robert Carlson,
Butte, Montana

    For Respondent:

        John L. Peterson, Butte, Montana

_____

Submitted on Briefs:  September 9, 1982

Decided:  January 19, 1983

Filed: JAN 19 1983

_Äthel M. Harrison_

Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendants appeal an order of the Jefferson County District Court granting plaintiff a new trial after a jury returned a defense verdict in a personal injury case. Although defendants raise several issues concerning a claim that the trial court abused its discretion, we decline to decide the case on the merits at this time because the trial court, in granting a new trial, failed to comply with Rule 59(f), M.R.Civ.P., which requires that:

> "Any order of the court granting a new trial, shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling, and this may be done in the body of the order, or in an attached memorandum."

In granting a new trial the court entered an order merely stating that "on good cause shown the motion by plaintiff for a new trial is hereby granted." The defendants then appealed, and three and a half months after the notice of appeal was filed, the trial court filed a document with this Court entitled "Certification of Issues on Appeal in Granting Motion for a New Trial." This document, prepared by plaintiff's counsel, sets forth the reasons the trial court granted a new trial. For policy reasons, we decline to consider that order which attempts to relate back to the original order granting a new trial.

In Churchhill v. Holly Sugar Corp. (1981), ____ Mont. ____, 629 P.2d 758, 38 St.Rep. 860, we held that amended findings of fact filed after a notice of appeal has been filed cannot be considered. The policy reasons underlying this holding also apply here.

In addition, in Ballantyne v. Anaconda Co. (1978), 175 Mont. 406, 574 P.2d 582, because the trial court had failed to comply with Rule 59(f) in granting a new trial, we remanded to the trial court to enter reasons for granting a new trial. After this was done the case was not again appealed to this Court. Rule 59(f) assures that

2

this Court will not have to guess at a trial court's reasons for granting a new trial, that we will not have to search for the proverbial needle in the haystack. Further, where reasons are absent it is difficult to determine whether the trial court properly exercised its discretion in granting a new trial. The rule provides an important safeguard to the trial court's use of discretion. Requiring reasons means that the trial court must discipline its thinking in the process of considering the claimed reasons a new trial should be granted. This process should result in a higher probability that a proper decision will be reached. The costs of a new trial in many cases are significant; the trial court owes a duty to the litigants, to the public, and to this Court, to follow these safeguards in determining whether a new trial should be granted.

We are aware that we accepted a so-called later certification of reasons for granting a new trial in Giles v. Flint Valley Forest Products (1979), 179 Mont. 382, 588 P.2d 535, and held that the late certification nonetheless fulfilled the policy behind Rule 59(f). To the extent Giles is inconsistent with our holding here, it is overruled. An order, whether prepared by an attorney for the trial court's signature, or an order prepared by the trial court itself, entered after the decision granting a new trial, fails to disclose the reasoning process used in reaching the decision to grant a new trial. To be of value, that reasoning process must precede the order granting a new trial and it must be set forth in writing at least simultaneously with the order granting the new trial.

We dismiss the appeal without prejudice and remand the case to the trial court for reconsideration and entry of an order in compliance with Rule 59(f).

3

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
_____
Justices

4

Mr. Chief Justice Frank I. Haswell, dissenting:

The majority hold that a subsequent certification of the reasons why the District Court granted a new trial is ineffective and remand the case back to the District Court for reconsideration.

In my view this ruling exalts form over substance, technicality over purpose, and is quite unrealistic. The result is delay in final disposition of cases, an unnecessary burden on Montana's District Courts, many of which are already staggering under unmanageable caseloads, and promotes only an academic and theoretical objective.

We already have before us for review the District Court's order granting a new trial and the District Court's reasons for that order. If the majority feel the order granting a new trial is erroneous, this Court can so rule on appeal. What is accomplished by remanding the case back to the District Court for entry of another order with contemporaneous reasons therefor? Is it realistic to think that anything of substance will be changed in this process? The District Court has already ruled and given its reasons.

I would follow our prior decision in Giles v. Flint Valley Forest Products (1979), 179 Mont. 382, 588 P.2d 535, holding that later certification of the reasons for an order granting a new trial satisfies the purpose and policy behind Rule 59(b), M.R.Civ.P. The District Court's order is either correct or incorrect. It is our duty to determine this on appeal.

_____
Chief Justice

-5-