MR. JUSTICE SHEA
delivered the opinion of the Court.
Defendants appeal an order of the Jefferson County District Court granting plaintiff a new trial after a jury returned a defense verdict in a personal injury case. Although defendants raise several issues concerning a claim that the trial court abused its discretion, we decline to decide the *206 case on the merits at this time because the trial court, in granting a new trial, failed to comply with Rule 59(f), M.R.Civ.P., which requires that:
“Any order of the court granting a new trial, shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling, and this may be done in the body of the order, or in an attached memorandum.”
In granting a new trial the court entered an order merely stating that “on good cause shown the motion by plaintiff for a new trial is hereby granted.” The defendants then appealed, and three and a half months after the notice of appeal was filed, the trial court filed a document with this Court entitled “Certification of Issues on Appeal in Granting Motion for a New Trial.” This document, prepared by plaintiff’s counsel, sets forth the reasons the trial court granted a new trial. For policy reasons, we decline to consider that order which attempts to relate back to the original order granting a new trial.
In Churchhill v. Holly Sugar Corp. (1981), Mont., 629 P.2d 758, 38 St.Rep. 860, we held that amended findings of fact filed after a notice of appeal has been filed cannot be considered. The policy reasons underlying this holding also apply here.
In addition, in Ballantyne v. Anaconda Co. (1978), 175 Mont. 406, 574 P.2d 582, because the trial court had failed to comply with Rule 59(f) in granting a new trial, we remanded to the trial court to enter reasons for granting a new trial. After this was done the case was not again appealed to this Court. Rule 59(f) assures that this Court will not have to guess at a trial court’s reasons for granting a new trial, that we will not have to search for the proverbial needle in the haystack. Further, where reasons are absent it is difficult to determine whether the trial court properly exercised its discretion in granting a new trial. The rule provides an important safeguard to the trial court’s use of discretion. Requiring reasons means that the trial court must *207 discipline its thinking in the process of considering the claimed reasons a new trial should be granted. This process should result in a higher probability that a proper decision will be reached. The costs of a new trial in many cases are significant; the trial court owes a duty to the litigants, to the public, and to this Court, to follow these safeguards in determining whether a new trial should be granted.
We are aware that we accepted a so-called later certification of reasons for granting a new trial in Giles v. Flint Valley Forest Products (1979), 179 Mont. 382, 588 P.2d 535, and held that the late certification nonetheless fulfilled the policy behind Rule 59(f). To the extent Giles is inconsistent with our holding here, it is overruled. An order, whether prepared by an attorney for the trial court’s signature, or an order prepared by the trial court itself, entered after the decision granting a new trial, fails to disclose the reasoning process used in reaching the decision to grant a new trial. To be of value, that reasoning process must precede the order granting a new trial and it must be set forth in writing at least simultaneously with the order granting the new trial.
We dismiss the appeal without prejudice and remand the case to the trial court for reconsideration and entry of an order in compliance with Rule 59(f).
MR. JUSTICES HARRISON, DALY and WEBER concur.