MR. CHIEF JUSTICE HASWELL,
dissenting:
The majority hold that a subsequent certification of the reasons why the District Court granted a new trial is ineffective and remand the case back to the District Court for reconsideration.
In my view this ruling exalts form over substance, technicality over purpose, and is quite unrealistic. The result is delay in final disposition of cases, an unnecessary burden on Montana’s District Courts, many of which are already staggering under unmanageable caseloads, and promotes *208 only an academic and theoretical objective.
We already have before us for review the District Court’s order granting a new trial and the District Court’s reasons for that order. If the majority feel the order granting a new trial is erroneous, this Court can so rule on appeal. What is accomplished by remanding the case back to the District Court for entry of another order with contemporaneous reasons therefor? Is it realistic to think that anything of substance will be changed in this process? The District Court has already ruled and given its reasons.
I would follow our prior decision in Giles v. Flint Valley Forest Products (1979), 179 Mont. 382, 588 P.2d 535, holding that later certification of the reasons for an order granting a new trial satisfies the purpose and policy behind Rule 59(b), M.R.Civ.P. The District Court’s order is either correct or incorrect. It is our duty to determine this on appeal.