MR. JUSTICE WEBER
dissents as follows:
The majority opinion overruled the order of the District Court granting the plaintiff’s motion for a new trial on all issues and requires the entry of judgment for the plaintiff Lee, with a new trial to be limited to a determination of plaintiff’s damages. I respectfully dissent.
In its Opinion and Order granting the new trial, the District Court pointed out that plaintiff initially sought damages on the basis of a breach of an oral contract, tort and general promissory estoppel; but pursuant to the change in contentions on the part of the plaintiff, the plaintiff reduced “his cause of action for trial to the single claim of breach of oral contract.” The District Court therefore concluded that the only cause of action on which the plaintiff was entitled to proceed and recover was the breach of an oral contract.
*534 Notwithstanding that limitations of issues, at the request of the defendant, the District Court gave the following instruction No. 10 on negligence to the jury:
“Negligence on behalf of an agent or broker is the failure to exercise skill, care and diligence of a reasonable and prudent agent or broker under the circumstances.”
Upon consideration of the post-trial motions, the District Court concluded that a new trial was necessary. The District Court referred to section 25-11-102(1), MCA, which provides:
“The former verdict or other decision may be vacated and a new trial granted ... for any of the following causes materially affecting the substantial rights of such party:
“(1) irregularity in the proceedings of the court... or any order of the court... by which either party was prevented from having a fair trial;
“(6) insufficiency of the evidence to justify the verdict or other decision or that is against the law.”
In reaching its conclusion that the new trial was warranted the District Court stated:
“This Court grants plaintiff’s Motion for a new trial solely on the ground that its giving of defendant’s instruction regarding negligence on behalf of an agent or broker as well as allowing into evidence testimony of witnesses directed at demonstrating the defendant’s exercise of reasonable care improperly interjected negligence concepts; this error resulted in jury confusion which prevented plaintiff from having a fair trial and is inconsistent with substantial justice. M.C.A. § 25-11-102(1) (1981); Mont.R.Civ.P. 61. For these reasons, this Court will neither consider nor discuss plaintiff’s argument that there is insufficient evidence to support the findings of the jury.”
Having concluded that there was such an irregularity, the District Court then addressed the issue of whether the irregularity materially affected the plaintiff’s substantial rights by depriving him of a fair trial. Rasmussen v. Sibert *535 (1969), 153 Mont. 286, 456 P.2d 835. The District Court analyzed the instructions, including the above instruction No. 10 and the conclusions on the part of the jury as to the damages to be awarded, and concluded that the jury was confused by the negligence instruction and erroneously applied negligence concepts and comparative negligence principles. In conclusion the District Court stated:
The giving of the negligence instruction materially affected a substantial right of the plaintiff and this court’s refusal to reject the instruction was inconsistent with substantial justice. MCA, § 25-11-102(1), (1981).”
The District Court has set forth a comprehensive analysis of the problems and of its conclusions upon which the award of a new trial was based.
The standard which is to be applied by this Court in reviewing that order granting a new trial is of long standing and is set forth in Moen v. Peter Kiewit & Sons’ Co. (1982), 201 Mont. 425, 655 P.2d 482, 487, 39 St.Rep. 2209, 2215 as follows:
“. . . This decades-old standard has been fleshed out by caselaw establishing that the decision to grant or deny a new trial is within the sound discretion of the trial court, Fredericksen v. Fredericksen, (1980), Mont. 605 P.2d 1135, 1137 37 St.Rep. 191, 193, and will not be overturned absent a shov/ing of a manifest abuse of that discretion. Giles v. Flint Val Forest Products (1979), 179 Mont. 382, 588 P.2d 535, 538, 36 St.Rep. 23, 26.”
The majority opinion has not set forth any showing which can be construed as a “manifest abuse of discretion” by the trial court.
In addition, I agree with the analysis of the District Court in concluding that the negligence instruction No. 10 was of necessity confusing to the jury. The special verdict form cited in the majority opinion was also confusing. Verdict question No. 4 stated:
“Did Jim Andrews [defendant] fail to exercise ordinary care and reasonable diligence in procuring the insurance? *536 Answer: Yes-8, No-4”
That question injected a negligence standard rather than a standard relating to the breach of oral contract.
Finding ample facts and law to sustain the order, and in the absence of any showing of manifest abuse of discretion, I would affirm the order granting new trial.