No. 90-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

BRUCE R. CAMPBELL, as the father of
CASSIE CAMPBELL, a minor; and
CASSIE CAMPBELL, a minor by and
through BRUCE R. CAMPBELL,
her next friend,

Plaintiffs and Respondents,

-vs-

JEFFREY DEAN JOHNSON,

Defendant and Appellant.

FILED

DEC 20 1990

Ed S____
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Seventh Judicial District,
               In and for the County of Richland,
               The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Dane C. Schofield, Esq.; Peterson and Schofield,
                Billings, Montana

        For Respondent:

                Douglas C. Allen, Esq., Great Falls, Montana
                Douglas D. Howard, Esq.; Heard & Howard, Columbus,
                Montana

                        Submitted on Briefs:   December 13, 1990

                                    Decided:   December 20, 1990

Filed:

_____
             Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Jeffrey D. Johnson, defendant, appeals from a June 13, 1990, order of the District Court of the Seventh Judicial District, Richland County, granting plaintiffs, Cassie Campbell, and her father, Bruce Campbell, a new trial. We remand to the District Court for reconsideration and entry of an order in compliance with Rule 59(f), M.R.Civ.P.

The sole issue is whether the District Court abused its discretion by ordering a new trial pursuant to Rule 59(f), M.R.Civ.P.

I

On February 24, 1989, Cassie Campbell, a minor, and her father filed a negligence action against Jeffrey Johnson for injuries Cassie sustained in an accident involving Johnson's vehicle. After two and one-half days of trial, the jury deliberated for approximately twenty-five minutes and came back with an 11 to 1 decision in favor of Johnson.

On April 30, 1990, plaintiffs moved for a new trial. Johnson appeals the District Court's order granting a new trial.

II

Did the District Court's order granting a new trial violate Rule 59(f), M.R.Civ.P.?

The rule governing an order granting a new trial provides:

> Any order of the court granting a new trial, shall specify the grounds therefor with sufficient particularity as to apprise the parties and the appellate court of the rationale underlying the ruling, and this

2

may be done in the body of the order, or in an attached opinion.

Rule 59(f), M.R.Civ.P. The granting of a new trial is within the sound discretion of the trial court and will be reversed only for manifest abuse of discretion. Goodover v. Lindey's, Inc. (1988), 232 Mont. 302, 312, 757 P.2d 1290, 1296. However, we decline to review a trial court's decision to order a new trial unless the court specifies the grounds upon which the order is granted as required by Rule 59(f), M.R.Civ.P. Shannon v. Hulett (1983), 202 Mont. 205, 656 P.2d 825.

> The District Court's order provides:
>
> The Court having fully considered Plaintiffs' Motion for a New Trial filed on April 30, 1990, and having fully considered the Briefs of the parties addressed to said Motion, as well as all of the files, records and evidence in this case, and being fully advised in the premises,
>
> IT IS HEREBY ORDERED that Plaintiffs' Motion for a New Trial should be and is hereby granted.

The order does not specify the grounds or the District Court's reasons for granting a new trial. We therefore dismiss this appeal without prejudice and remand to the District Court for reconsideration and entry of an order granting or denying a new trial, and if a new trial is granted, specifying the grounds therefor in compliance with Rule 59(f), M.R.Civ.P.

_____
Justice

We concur:

_____
Chief Justice

3

William E. Hurst

R. C. McDonough

Fred J. Feber
Justices